IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 0200 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Geraldine Soat Brown |
| FRANCISCA OBI, CHERI SMITH, | ) | |
| CHIEF DIANE HARGRAVES, | ) | JURY TRIAL DEMANDED |
| LaROY WARREN, KATIE | ) | |
| HARRISON, DR. EILEEN | ) | |
| COUTURE, DR. ANN DUNLAP, | ) | |
| THOMAS DART, and COUNTY OF | ) | |
| COOK, | ) | |
| Defendants. | | |

**FIRST AMENDED COMPLAINT**

Plaintiff MICHAEL YOUNG, by his undersigned counsel, and for his First Amended Complaint ("Complaint") against Defendants FRANCISCA OBI, CHERI SMITH, CHIEF DIANE HARGRAVES, LaROY WARREN, KATIE HARRIS, DR. EILEEN COUTURE, DR. ANN DUNLAP, THOMAS DART, and COUNTY OF COOK (collectively, "Defendants"), states as follows:

**PARTIES**

1. Plaintiff Michael Young ("Young") is a citizen of the United States and a resident of Wisconsin. Starting on or about January 19, 2007, Young has been a pre-trial detainee at the Cook County Department of Corrections ("Department of Corrections" or "Department"), located at 2700 South California Avenue, Chicago, Illinois 60608.

2. Defendant Francisca Obi ("Obi"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Obi was employed as a nurse for the Cook County Department of Corrections.

3. Defendant Cherie Smith ("Smith"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Defendant Smith was employed by Cermak Health Services, located 2800 South California Avenue, Chicago, Illinois 60608 (hereinafter "Cermak Health").

4. Defendant Chief Diane Hargraves ("Hargraves"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Hargraves was employed in a supervisory capacity for the Cook County Department of Corrections.

5. Defendant LaRoy Warren ("Warren"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Warren was employed by the Cook County Department of Corrections as either a Program Service Administrator or Assistant Administrator.

6. Defendant Katie Harrison ("Harrison"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Harris was employed by the Cook County Department of Corrections as a Captain for Divisions 3 and 8 of the Cook County Jail.

7. Defendant Dr. Eileen Couture ("Couture"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Couture was employed by Cermak Health as a physician.

8. Defendant Dr. Ann Dunlap ("Dunlap"), on information and belief, is a citizen of the United States and a resident of Illinois. At all times relevant to this Complaint, Dunlap was employed by Cermak Health as a physician.

9. Defendant Thomas Dart ("Dart"), on information and belief, is a citizen of the

United States and a resident of Illinois. At all times relevant to this Complaint, Dart has been the Sheriff of Cook County, Illinois, and in that capacity was and is responsible for the supervision, administration, and operation of the Cook County Department of Corrections. Dart is being sued solely in his capacity as Sheriff of Cook County for the acts and omissions alleged herein.

10. Defendant County of Cook ("Cook County") is a municipal county in the State of Illinois. Cook County is responsible for the supervision, administration, and operation of the Cook County Department of Corrections.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over each of the Defendants because the individually named Defendants reside in Illinois, Cook County is a municipality located in Illinois, and the acts and omissions of each Defendant giving rise to Young's claims occurred in Illinois.

12. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 and 1343, because the claims arise under the Civil Rights Act, 42 U.S.C. § 1983.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because many or all of the Defendants reside in this District and a substantial part of the events and omissions giving rise to Young's claims occurred within this District.

## FACTS COMMON TO ALL COUNTS

14. Young has been a pre-trial detainee at the Cook County Department of Corrections beginning on or about January 19, 2007.

15. Before Young's incarceration, Plaintiff underwent three major surgeries for the repair and correction of a severe knee injury that occurred sometime in March 2006 in Madison,

3

Wisconsin. While assisting his brother in moving a large table, Young descended a flight of stairs and, in attempting to maneuver the table, lost his grip of the table. The table fell directly on Young's right leg, severely injuring his right knee, and requiring emergency medical attention.

16. Upon arrival at the emergency room at St. Mary's Hospital in Madison, Wisconsin on the day of the accident, Young was examined by a doctor and told that his anterior cruciate ligament (commonly known as the "ACL") had been severely damaged, that his kneecap and other tendons in the back of the knee had been injured, and that he would require immediate surgery. Shortly thereafter, Young underwent the first of three corrective surgeries on his knee following the accident.

17. Sometime between March 2006 and November 2006, Young underwent the second of three corrective surgeries for his knee. In November 2006, Young underwent the third corrective surgery for his knee. Shortly after the November 2006 surgery, Young experienced a serious post-operative staph infection, which significantly complicated his recovery.

18. Before his incarceration in January 2007 and at the direction of his treating physician, Young took prescribed pain medication and also had begun physical therapy to restore function to his right knee.

19. Immediately upon Young's incarceration, Young informed the Department of Corrections staff about his condition and recent surgeries. Young also requested that his orthopedic physician, Dr. Richard W. Glad ("Dr. Glad"), submit a letter to the Department of Corrections staff informing those assigned to Young's supervision and care about the serious condition of his knee and his ongoing medical needs.

20. On January 22, 2007, Dr. Glad wrote a letter on Mr. Young's behalf informing the

Department of Corrections staff about Mr. Young's knee, and his current and future treatment needs. (See Jan. 22, 2007 Letter from R. Glad, attached hereto as Exhibit A). Upon information and belief, this letter was transmitted to, and received by, the Cook County Department of Corrections. In this letter, Dr. Glad stated:

> **Young has sustained a severe injury to the right knee . . . [h]e has been left with a knee that has extremely limited function at this stage. . . . He is still at the stage in his recovery which I think will be fairly prolonged and there is significant likelihood that extensive additional surgery will ultimately be necessary. . . . Also due to knee instability use of a knee brace is recommended. In addition, this is expected to be relatively painful in the long term just due to degenerative changes which have developed and I think he would benefit from the use of ibuprofen or Tylenol on an as needed basis.**

See Exhibit A.

21. As stated by Dr. Glad, Young's medical condition is serious.

22. At all times relevant to this Complaint, Defendants were aware that Young had a serious medical condition, that he required pain medication and other treatment, and that he likely needs another corrective knee surgery.

23. After Young's incarceration in January 2007, his condition worsened. Young continues to experience significant swelling, stiffness, poor circulation, and pain in his knee. His mobility has decreased significantly. Even basic and necessary activities, such as walking to and from Court appearances and walking up and down stairs for his daily activities, cause Young significant and increasing pain.

24. Throughout the duration of his incarceration, Defendants have not properly examined Young's knee, despite Dr. Glad's letter, which explains the seriousness of Young's condition, and despite Young repeatedly informing Defendants that he was in significant pain.

25. Moreover, throughout the duration of his incarceration, Defendants have not

administered proper pain medication to Young. On the occasions where he has been given pain medication, he has been given ibuprofen or motrin, despite the fact that Young has informed Defendants repeatedly that ibuprofen and motrin upsets his stomach and only exacerbates his pain. He has requested Tylenol or an equivalent medication per Dr. Glad's recommendation, but Defendants have failed to provide him with this needed medication. Because Defendants have failed to provide Young with the proper pain medication, Young has difficulty conducting his daily activities and has trouble sleeping at night. He also experiences acute mood swings from the lack of sleep and constant pain.

26. Finally, Young wears a knee brace, which is meant to assist the stability of his knee and relieve some of his pain, however, the brace is in disrepair and in fact, causes Young increased pain and discomfort. Young has repeatedly requested that he be provided with the proper equipment to repair the knee brace, but Defendants have failed to provide him the necessary parts to do so.

27. In accordance with the Cook County Department of Corrections policy and procedure, Young has attempted on numerous occasions, both orally and in writing, to inform Defendants about his worsening medical condition and to request medical treatment. As of the filing of this First Amended Complaint, Defendants have failed to adequately address Young's medical needs.

28. Specifically, on or about March 25, 2007, Young began experiencing significant pain in his knee. After observing Defendant Obi in Young's Division, Young attempted to tell Defendant Obi about his worsening condition so that she could administer (or cause to be administered) pain medication or other appropriate treatment. During this same encounter, Young also attempted to give Defendant Obi a Medical Request Slip, which sought medical

6

attention for his knee. Defendant Obi refused to take Young's Medical Request Slip and refused to administer or cause to be administered any medication to Young.

29.     Shortly thereafter, and pursuant to the Cook County Department of Corrections policy and procedure, Young filed two Detainee Grievance Forms, stating the circumstances of his encounter with Defendant Obi, describing his worsening medical condition, and the Department's continuing failure to provide Young with proper pain medication. Both grievances requested that Young receive proper medical treatment.

30.     On March 28, 2007, and April 4, 2007 Young's Detainee Grievance forms were referred to the Divisional Physician and Patient Care Services. The referrals were authorized by Defendants Smith, Hargraves, Harrison, and Warren.

31.     Despite his requests and the Department's referral to the Divisional Physician and Patient Care Services, Young was not properly examined by a physician and did not receive proper pain medication.

32.     On or about December 18, 2007, Young fell down a flight of stairs because Defendants deprived Young of the use of special shoes that had been prescribed for Young. Young had also been deprived the use of his cane. In fact, Young is rarely permitted to use his cane, and is not permitted to use it when he most requires it - during court appearances, while walking between areas of the facility, and while showering. The shoes and cane are medically necessary and provide Young with extra support for his knee while standing and walking.

33.     In connection with his December fall, and in accordance with the Department's policies and procedures, on or about December 19, 2007, Young filed another Detainee Grievance form, describing the circumstances of the fall, the necessity of his prescribed shoes and cane, his failure to receive proper pain medication, and other matters. The form also

requested that Young receive proper medical treatment.

34. On December 27, 2007, Young's Detainee Grievance form was referred to Defendant Dunlap, who ordered that Young be provided his prescribed shoes, but failed to address Young's other medical needs, specifically that he be given a thorough examination of his right knee, that he be prescribed proper pain medication, and that the Department provide the proper equipment to repair his knee brace.

35. Defendant Obi, in refusing to accept the Medical Request Slip and in denying Young the appropriate medication to relieve Young's pain, acted with malicious, deliberate indifference toward a substantial risk of serious harm to Young, and also demonstrated a reckless disregard for Young's Constitutional rights.

36. Defendants, in failing to provide Young with his prescription shoes and cane, acted with malicious, deliberate indifference toward a substantial risk of serious harm to Young, and also demonstrated a reckless disregard for Young's Constitutional rights.

37. Defendants' overall failure to address Young's medical needs amounts to malicious, deliberate indifference toward a substantial risk of serious harm to Young and also demonstrates a reckless disregard for Young's Constitutional rights.

38. Despite Defendants' awareness of Dr. Glad's medical assessment of the seriousness of Young's condition, and despite Young's repeated efforts to communicate his medical needs in accordance with the policies and procedures of the Department of Corrections, Defendants have failed to properly examine Young's knee for infection, and/or determine whether further corrective surgery or rehabilitative therapy is medically necessary. Defendants' conduct amounts to a malicious, deliberate indifference toward a substantial risk of serious harm to Young and also demonstrates a reckless disregard for Young's Constitutional rights.

39. Despite Defendants' awareness of Dr. Glad's medical assessment of the seriousness of Young's condition, and despite Young's repeated efforts to communicate his medical needs in accordance with the policies and procedures of the Department of Corrections, Young has not been administered the proper pain medication, causing Young increased pain, lack of sleep, and acute mood swings. Defendants' conduct amounts to a malicious, deliberate indifference toward a substantial risk of serious harm to Young and also demonstrates a reckless disregard for Young's Constitutional rights.

40. Despite Defendants' awareness of Dr. Glad's medical assessment of the seriousness of Young's condition, and despite Young's repeated efforts to communicate his medical needs in accordance with the policies and procedures of the Department of Corrections, Young has not been provided with the proper equipment to repair his knee brace, causing Young further discomfort and pain. Defendants' conduct amounts to a malicious, deliberate indifference toward a substantial risk of serious harm to Young and also demonstrates a reckless disregard for Young's Constitutional rights.

41. Young's continuing and worsening condition is a direct and proximate result of Defendants' deliberate indifference to his medical condition and failure to take sufficient action in response to Young's repeated complaints and requests for medical treatment.

42. As a direct and proximate consequence of Defendants' failure to provide Young with proper physical examinations, pain medication, rehabilitative therapies, and the proper equipment to repair his knee brace, Young's rehabilitation has been substantially impeded and he has suffered and continues to suffer much more severe physical impairment than he would if he had received proper medical care.

43. As a direct and proximate consequence of Defendants' acts and omissions as

alleged herein, Young remains in grave risk of infection and serious disability. Additionally, Young will incur significant costs associated with his medical treatment and rehabilitation for the foreseeable future.

### COUNT I: DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### (Against Defendants Obi, Smith, Couture, and Dunlap)

44. Young adopts and incorporates Paragraphs 1 through 43 by reference, as if the same were fully set forth herein.

45. At all times relevant hereto, Young had and has a right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. The Eighth Amendment requires that Young be provided with humane conditions of confinement and receive adequate medical care.

46. The Civil Rights Division of the United States Department of Justice has concluded that inmates at the Department of Corrections, which would include Young, "do not receive adequate medical and mental health care[.]" See July 11, 2008 Report Regarding Cook County Jail, at p. 3, 42-70, *available at* http://graphics8.nytimes.com/packages/pdf/national/Cook_County_Jail_Findings_Letter.pdf (further concluding that "medical care falls below the constitutionally required standards of care[]" and that the Cook County Jail suffers from "inadequate medical staffing," "inadequate health assessments," "inadequate chronic care," and "inadequate medication administration," among other issues).

47. After Young's incarceration in January 2007 and continuing thereafter, due to the known fact that Young had a serious medical condition affecting his right knee and that Young had experienced a severe infection in connection with his third corrective surgery, Defendants Obi, Smith, Couture, and Dunlap knew or should have known that there was an objectively serious danger that Young's medical condition would worsen, putting him at a substantial risk of

serious harm.

48.     Defendants Obi, Smith, Couture, and Dunlap were aware of the objectively serious dangers to Young, and the substantial risk of serious harm, because they were aware of Dr. Glad's January 22, 2007 letter explaining Young's knee condition and treatment needs. Young also made repeated oral and written complaints and requests for treatment.

49.     Defendants Obi, Smith, Couture, and Dunlap were reckless and showed deliberate indifference to Young's health and failed to take reasonable measures to abate the risk to him by, *inter alia*:

   a.     failing to examine Young's knee to determine whether further surgery, treatment, or other rehabilitative therapy is medically necessary;

   b.     failing to adequately supervise and administer proper pain medication to Young;

   c.     failing to provide Young with the proper equipment to repair his medically necessary knee brace;

   d.     failing to provide Young with adequate medical treatment on or about March 25, 2007, despite Young's complaints and requests for treatment;

   e.     failing to provide Young with adequate medical treatment on or about December 18, 2007, despite Young's complaints and requests for treatment;

   f.     failing to provide Young with adequate medical treatment since the time of his incarceration in January 2007, despite Young's numerous oral and written complaints and requests for treatment;

   g.     depriving Young of the use of his cane and prescription shoes;

   h.     disregarding Young's written complaints and grievances regarding the

11

poor quality and inadequacy of his medical care, and failing to take any remedial action;

50.  The foregoing actions by Defendants Obi, Smith, Couture, and Dunlap violated Young's Eighth Amendment right to be free from cruel and unusual punishment.

51.  Defendants Obi, Smith, Couture, and Dunlap were acting under color of state law at all times relevant to this Complaint.

52.  As a direct and proximate consequence of Defendants' acts and omissions as alleged herein, Young has suffered and continues to suffer chronic and substantial pain, permanent physical impairment, loss of sleep, acute mood swings, and depression. Additionally, Young will incur significant costs associated with his medical treatment and rehabilitation for the foreseeable future.

WHEREFORE, Young respectfully prays that this Court: (1) award Young compensatory damages in an amount to be determined at trial; (2) award Young punitive damages in an amount to be determined at trial; (3) award Young his costs, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; (4) award Young pretrial interest in an amount to be determined at trial; and (5) award Young such other and further relief as the Court deems necessary or appropriate.

**COUNT II: DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**
**(Against Defendants Hargraves, Warren, Harrison, Dart, Cook County)**

53.  Young adopts and incorporates Paragraphs 1 through 52 by reference, as if the same were fully set forth herein.

54.  The Civil Rights Division of the United States Department of Justice has concluded that inmates at the Department of Corrections, which would include Young, "do not receive adequate medical and mental health care[.]" See July 11, 2008 Report Regarding Cook County Jail, at p. 3, 42-70, *available at* http://graphics8.nytimes.com/packages/pdf/national

12

/Cook_County_Jail_Findings_Letter.pdf (further concluding that "medical care falls below the constitutionally required standards of care[]" and that the Cook County Jail suffers from "inadequate medical staffing," "inadequate health assessments," "inadequate chronic care," and "inadequate medication administration," among other issues).

55. Defendants Hargraves, Warren, Harrison, Dart and Cook County caused Young to be deprived of his Eighth Amendment right to be free from cruel and unusual punishment through the following express policies and/or widespread practices:

a. failing to have a system in place so that medical requests of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner;

b. failing to adequately monitor the medical condition of inmates receiving medical treatment that poses a substantial risk of serious harm;

c. failing to provide timely treatment by properly trained medical staff in response to credible medical complaints and requests for treatment;

d. discouraging or failing to employ adequate medical testing in response to credible medical complaints and requests for treatment;

e. disregarding the medical directives of inmates' doctors;

f. depriving inmates of physical therapy in response to a demonstrated medical need;

g. depriving inmates of other required medical treatment in response to a demonstrated medical need;

h. disregarding inmates' written complaints and grievances regarding the deprivation of medical care, and failing to take any remedial action;

i. failing to employ sufficient medical staff;

  j.  failing to properly assess inmates' medical needs;

  k.  failing to maintain adequate medical facilities; and

  l.  failing to provide inmates with adequate access to medical care.

56. Defendants Hargraves, Warren, Harrison, Dart and Cook County were deliberately indifferent to the known or obvious consequences of the foregoing policies and practices, as a reasonable policymaker would conclude that the plainly obvious consequences of these policies and practices would result in the deprivation of inmates' Eighth Amendment right to be free from cruel and unusual punishment.

57. Defendants Hargraves, Warren, Harrison, Dart and Cook County were aware that the foregoing policies and practices gave rise to a substantial risk of a violation of inmates' Eighth Amendment right to be free from cruel and unusual punishment, and failed to take appropriate steps to protect Young from this known danger.

58. As a direct and proximate consequence of Defendants' acts and omissions as alleged herein, Young has suffered and continues to suffer chronic and substantial pain, permanent physical impairment, loss of sleep, acute mood swings, and depression. Additionally, Young will incur significant costs associated with his medical treatment and rehabilitation for the foreseeable future.

WHEREFORE, Young respectfully prays that this Court: (1) award Young compensatory damages in an amount to be determined at trial; (2) award Young his costs, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; (3) award Young pretrial interest in an amount to be determined at trial; and (4) award Young such other and further relief as the Court deems necessary or appropriate.

Dated: Chicago, Illinois
July 25, 2008

                                           By:    /s/ Jeffrey S. Torosian
                                                       Greenberg Traurig, LLP
                                                       Jeffrey S. Torosian (ARDC # 6216956)
                                                       Kathryn A. Dugan (ARDC # 6291518)
                                                       77 West Wacker Drive, Suite 2500
                                                       Chicago, IL  60601
                                                       Telephone:  (312) 456-8400
                                                       Facsimile:  (312) 456-8435
                                                       torosianj@gtlaw.com
                                                       dugank@gtlaw.com
                                                       ***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify on this 25th day of July, 2008, I electronically filed the foregoing document with the Court using the CM/ECF electronic filing system. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Kathryn A. Dugan<br>KATHRYN A. DUGAN

**SERVICE LIST**

Sarah M. Burke
State's Attorney Of Cook County
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4320
(312) 603-3000 (fax)

*Counsel for Defendants*